■ In the Matter of FARM FAMILY MUTUAL INSURANCE COMPANY, Appellant, v ALBERTO COLLADO, an Infant, by His Parent and Natural Guardian, RICARDO COLLADO, et al., Respondent. — In a proceeding to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 13, 1981, which vacated a prior order of the court which granted the stay, and directed that arbitration proceed. Order reversed, without costs or disbursements, and the case is remitted to Special Term, for a further hearing on the reason for the cancellation of the automobile

insurance policy of Santiago Milagros by the respondent Merchants Mutual Insurance Company. Respondent Merchants Mutual Insurance Company correctly points out that cancellation of the subject assigned risk policy is governed by subdivision 2B of section 18 of the New York Automobile Insurance Plan. However, it cannot be discerned from the record what reason was proffered for cancellation of the instant policy. While the printed form notice of cancellation mailed to the insured tracks the language of section 18 (subd 2B, par 8)("fails to respond to at least two written requests for pertinent underwriting information, which would have a direct bearing on the rating of a policy"), the lone witness produced by Merchants Mutual Insurance Company testified that the cancellation in this matter was for noninspection which would come under the language of section 18 (subd 2B, par 6) and be "applicable only with respect to physical damage coverages" (see Insurance Law, § 167-d). If it is found that cancellation of Mr. Milagros' coverage was in fact due to his failure to make his vehicle available for inspection then the cancellation would be governed by paragraph 6 and the liability coverage afforded under the Merchants Mutual Insurance Company policy would be unaffected by the purported cancellation and would remain in effect. Consequently, a new hearing is necessary. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.